FILED _____ / _____ RECEIVED
ENTERED _____ _____ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV - 1 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|         ) | |
|      Plaintiff,     ) | IN EQUITY NO. C-125-ECR |
|         ) | |
| WALKER RIVER PAIUTE TRIBE,    ) | |
|         ) | ~~Proposed~~ |
|      Plaintiff-Intervenor,    ) | **ORDER MODIFYING DECREE** |
|    vs.             ) | |
|         ) | |
| WALKER RIVER IRRIGATION DISTRICT, ) | |
| a corporation, et al.,      ) | |
|         ) | |
|      Defendants.    ) | |

---

The Petitioner, the United States of America, on behalf of the Bureau of Indian Affairs

("United States" or "Petitioner"), and acting for the benefit of the Yerington Paiute Tribe

("Tribe"), filed herein its *Petition for Approval of Modification of the Walker River Decree on*

*Behalf of the Yerington Paiute Tribe* on July 15, 2011 ("Petition") (#1027).  Objections to the

petition were due to be filed on or before October 14, 2011.  *Order Extending Deadline for*

*Objections to Petition for Approval of Modification of the Walker River Decree on Behalf of the*

*Yerington Paiute Tribe* (Sept. 16, 2011) (#1035).  No objections have been filed in opposition to

the change application addressed in the Petition.  A hearing was held on this matter on

November 1, 2011.

Pursuant to the Order of this Court, *Order* (July 20, 2011) (#1030), the United States has

taken the following steps:

1. In addition to previously made service, served a copy of the petition on all parties to
the administrative proceedings, *Proof of Service* (Aug. 4, 2011) (#1031); and

2.  Filed and served a copy of the Administrative Record for each Application with the Court and upon all parties to this case and all parties to the administrative proceedings. *Notice of Filing of Administrative Record and Proposed Revised Scheduling Order* (Sept. 15, 2011) (#1033).

On November, 28, 1984, the Tribe filed Application Nos. 48587 and 48588 with the Nevada State Engineer to change the point of diversion and place of use of a portion of claims in the Walker River Decree. The water rights underlying the applications are held in trust by the United States for the benefit of the Tribe. As described in the Petition, this application did not strictly follow all rules now applicable to such proceedings, in part because many of the relevant actions preceded issuance of these rules. Based upon the circumstances described in the Petition, the Court has determined that the intent of the *United States Board of Water Commissioners Administrative Rules and Regulations* ("U.S. Board Administrative Rules") was followed. The Court further notes that the United States has served a copy of the Petition and the Administrative Records on all parties to this case and on all parties to the administrative proceedings and that no objections have been filed to the changes sought in the Petition.

I.  **Permit No. 48587:**

The State Engineer issued Permit No. 48587 for 0.48 cfs for irrigation of 40.0 acres. Permit No. 48587 is limited to the amount of water that can be applied to beneficial use, not to exceed the direct flow right as decreed (0.48 cfs), and states that the storage waters referenced in the applications are under the jurisdiction of the Walker River Irrigation District.

Based on their actions to put the decreed water right to beneficial use pursuant to the approved permit, the Bureau of Indian Affairs and the Tribe determined that 37.38 acres (0.45 cfs) of the water right on the 40 decreed acres for Permit No. 48587 have been put to beneficial use under this Permit, leaving 2.62 acres (0.03 cfs) of decreed water right to remain at the existing place of use. The Bureau of Indian Affairs, on behalf of the Yerington Paiute Tribe, has proposed that:

(1) 37.38 acres (0.45 cfs) of decreed water right be transferred under Permit No. 48587 to the new place of use described in Permit No. 48587; and (2) 2.62 acres (0.03 cfs) of decreed water right authorized in Permit No. 48587 be withdrawn from the Permit and remain appurtenant to the existing place of use. This will require an amendment of Permit No. 48587, but will not expand the acreage addressed in the original permits.

Permit No. 48587 concerns a portion of the Decreed right of Ambro Rosaschi, Successor to Pacific Livestock Company, which is Claim 132 at p. 40 in the Decree. The entire right is now owned by the United States for the benefit of the Yerington Paiute Tribe. The change associated with Permit 48587 would amend the Decree by updating the place of use to include this change; the previously identified place of use continues to be used in connection with the remainder of the claim. The priority date and total acreage identified in the Decree remain the same. The Decree is to be modified to include the N ½ of the NE ¼ of Section 18, T14N, R25E in the place of use.

Based on the hearing and the information in the Petition, Permit No. 48587, and the Administrative Record for Permit No. 48587, as well as the absence of objections to the Permit before the State Engineer, and the absence of objections to the Petition, the Court accepts the decision of the State Engineer and approves the change addressed in Permit No. 48587 to the extent it transfers 37.38 acres (0.45 cfs) of decreed water right to the new place of use, as further described below. Permit No. 48587 is not approved as to the remaining 2.62 acres (0.03 cfs) of decreed water rights, which shall remain appurtenant to their existing place of use.

Based on this ruling, Petitioner is directed to seek an amended permit from the State Engineer that conforms to this approval and to notify the Court of the status of such actions.

## II.     Permit No. 48588:

The State Engineer issued Permit No. 48588 for 0.17 cfs for irrigation of 14.79 acres.

Permit No. 48588 is limited to the amount of water that can be applied to beneficial use, not to

exceed the direct flow right as decreed (0.17 cfs), and states that the storage waters referenced in

the applications are under the jurisdiction of the Walker River Irrigation District. Based on their

efforts to put the decreed water right to beneficial use pursuant to the approved permit, the

Bureau of Indian Affairs and the Tribe determined that all of the water right associated with the

14.79 decreed acres for Permit No. 48588 has been put to beneficial use under this Permit. The

record shows that the Tribe has already filed a Proof of Beneficial Use associated with this

change, but that the State Engineer will not accept this filing until this Court approves the change

sought by the instant Petition.

Permit No. 48588 concerns a portion of the Decreed right of the Spragg-Woodcock Ditch

Company, which is Claim 149 at p. 43 in the Decree. On information and belief, the United

States owns a portion of this right for the benefit of the Yerington Paiute Tribe and the change

associated with Permit 48588 would amend the Decree by changing the place of use of the

United States' portion of this right as identified in Permit No. 48588. The priority date and total

acreage identified in the Decree remain the same. The Decree is to be modified to include the

NE ¼ of the NE ¼, Section 18, T14N, R25E.

Based on the hearing and the information in the Petition, Permit No. 48588, and the

Administrative Record for Permit No. 48588, as well as the absence of objections to the Permit

before the State Engineer, and the absence of objections to the Petition, the Court approves the

change addressed in Permit 48588, as further described below.

Based and the information before the Court in the Petition, Permit Nos. 48587 and 48588, and the related Administrative Records, the Court FINDS that the allegations of the Petition are true and the Decree should be modified.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

(1) The Court ORDERS relief in this matter, based on the above circumstances, from strict application of the pertinent provisions of Articles VI and VII of the United States Board of Water Commissioners Administrative Rules and Regulations;

(2) The Court AUTHORIZES the State Engineer to amend Permit No. 48587 to transfer 37.38 acres (0.45 cfs) of decreed water right to the new place of use and leave the remaining 2.62 acres (0.03 cfs) of decreed water rights appurtenant to the existing place of use; such action to follow submission to the State Engineer by the Bureau of Indian Affairs, on behalf of the Yerington Paiute Tribe, of revised Proofs of Beneficial Use and Maps in support of this change;

(3) The Court APPROVES Permit 48587 to the extent it addresses a change of 37.38 (0.45 cfs) acres of decreed water and approves a change of 37.38 acres (0.45 cfs) of decreed water right pursuant to Permit No. 48587;

(4) The Court DIRECTS the United States to seek an amendment to Permit No. 48587 from the State Engineer that conforms to this Order and to notify the Court and parties to this proceeding when it obtains a conforming amendment to Permit No. 48587;

(5) The Court APPROVES Permit No. 48588 as issued by the State Engineer and approves a change of 14.79 acres (0.17 cfs) of decreed water right pursuant to Permit No. 48588; and

(6) The Court MODIFIES the water rights held in trust by the United States of America, Bureau of Indian Affairs, for the benefit of the Yerington Paiute Tribe under the Walker River Decree in accordance with Permit No. 48587 to the extent it addresses 37.38 acres, and in accordance with Permit No. 48588 as issued by the State Engineer, as set forth below:

a. **Permit 48587:**

| Priority | cfs | Acres | Place of Use |
|----------|-----|-------|--------------|
| Unchanged | 0.45 | 37.38 | N ½ of the NE ¼ of Section 18, T14N, R25E. |

Modified Place of Use for Claim 132 at p. 40 in the Decree:
   Add: N ½ of the NE ¼ of Section 18, T14N, R25E.

**b. Permit 48588:**

| Priority | cfs | Acres | Place of Use |
|---|---|---|---|
| Unchanged | 0.17 | 14.79 | NE ¼ of the NE ¼ of Section 18, T14N, R25E. |

Modified Place of Use for Claim 149 at p. 43 in the Decree:
   Add: NE ¼ of the NE ¼ of Section 18, T14N, R25E.

This modification of Decree shall not be deemed to affect the rights of the remaining portions of Claim 132 or Claim 149 or the rights of any other real property owners or water rights of third parties. Each party hereto shall bear its own costs and attorneys' fees. The United States shall serve a copy of this Order within 3 business days of its entry by mail or email on all parties required to be served by Sec. 7.2 of the Administrative Rules and file proof of such service with this Court.

Dated this **1st** day of **November**, 2011.

_Edward C. Reed_

EDWARD C. REED, JR.
United States District Judge

3:73-cv-00123-ECR-LRL

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2011, I electronically filed the foregoing

**Proposed ORDER MODIFYING DECREE** with the Clerk of the Court using the CM/ECF

system, which caused parties or counsel to be served by electronic means, as more fully reflected

on the Notice of Electronic Filing.

I further certify that I served a copy of the forgoing to the following non CM/ECF

participants by U.S. Mail, postage prepaid, this 27th day of October, 2011:


John Kramer
California Water Resources Department
1416 Ninth Street
Sacramento, CA 95814




/s/ Eileen Rutherford
Eileen Rutherford, Senior Paralegal
USIS/Labat for USDOJ