**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 3:73-cv-00125-RCJ-WGC |
| Plaintiff, ) | (In Equity) |
| WALKER RIVER PAIUTE TRIBE, ) | |
| Plaintiff-Intervenor ) | **ORDER** |
| v. ) | |
| WALKER RIVER IRRIGATION DISTRICT, ) a corporation, et al., ) | |
| Defendants. ) | |
| In the Matter of Change Application 80700 ) filed by The National Fish and Wildlife ) Foundation. ) | |

On September 11, 2012, the Nevada State Engineer filed a Notice of Petition for Instruction (#1107), requesting clarification of whether the United States Board of Water Examiners (the "Board") may participate in a protest hearing on a change application before the Nevada State Engineer as a party by presenting evidence and witnesses, or whether the Board must remain a neutral body which is limited solely to providing written comment on a change application. On September 12, 2012, the Nevada State Engineer submitted an Amended Notice of Petition for Instruction (#1109). The amended notice (#1109) includes exhibits that were not included in the original notice of petition (#1107).

On May 24, 2011, the National Fish and Wildlife Foundation ("NFWF") filed change Application 80700 with the Nevada State Engineer, requesting to change the place and manner of use of water previously decreed for irrigation to a manner of use for instream wildlife purposes in the Walker River and at Walker Lake. (Notice of Pet. Ex. 1 (#1109-1).)

Protests were filed in response to the NFWF's application. On July 15, 2011, the Board provided comments and recommendations pursuant to Article V, Section 5.4 of the Administrative Rules and Regulations Regarding Change in Point of Diversion, Manner of Use or Place of Use of Water of the Walker River and its Tributaries and Regarding Compliance with California Fish and Game Code § 5937 and Other Provisions of California Law as amended through June 3, 1996 ("Amended Rules") (#1029) regarding such applications. (Notice of Pet. Ex. 2 (#1109-2).)  Parties raised the issue of the role of the Board in the pending hearing, and on July 17, 2012, the State Engineer entered an Interim Order and Notice of Hearing, but did not include the Board in the schedule of parties who will be presenting a case.  (Notice of Pet. Ex. 3 (#1109-3).)

On August 10, 2012, the Board filed a motion for clarification as to its role in the upcoming hearing.  (Not. of Petition Ex. 4 (#1109-4).)  In response, NFWF stated that the Board should not be taking an adversarial role, as opposed to an informative role, in the proceeding, as doing so would be inconsistent with the Board's position as a "putative arm of the Decree Court."  (Notice of Pet. Ex. 5 (#1109-5).)  The NFWF also stated that it "intends to fully explore those points with the Decree Court" but that it "takes no position regarding the Board's motion at this time." (Id.)  The Walker River Paiute Tribe of Indians (the "Tribe"), in response to the Board's motion for clarification, argued that the Decree Court has already held that the Board's function is ministerial, as well as quasi-judicial, and that the Board should be acting in an impartial, unbiased manner.  (Notice of Pet. Ex. 6 (#1109-6).) The State Engineer requests that the Decree Court clarify the role of the Board as a party.

Section 5.4 of the Amended Rules provide that the Board "may participate as a party in all proceedings concerning a change application before an agency" and that within sixty days after the Board receives a change application it "shall provide the agency with comments and recommendations concerning the change application." (Amended Rules at 11 (#1029).) The Amended Rules define a party to mean "any person who appears or is allowed to appear in an agency proceeding or in a proceeding for approval or judicial review of an agency decision or report."  (Id. at 4.)  However, section 5.1 of the Amended Rules provide that

1  "[e]xcept as otherwise expressly provided by these [Amended Rules] all proceedings before an agency with respect to change applications and compliance applications shall be in accordance with the practice and procedure of that agency." (Id. at 10.) A protest to a change application may be filed in accordance with the provisions of Nev. Rev. Stat. § 533.365. Nevada Administrative Code § 533.050 provides that a party means an applicant or protestant, and the Board is neither the applicant nor a protestant.

Paragraph XIV of the Walker River Decree, entered on April 14, 1936, and amended on April 24, 1940, provides that the Decree Court:

> [R]etains jurisdiction for regulatory purposes regarding the point of diversion, manner of use and place of use of waters of the Walker River and its tributaries and that the Court may make such regulations as to notice and form or substance of any applications for change, or modifications of this Decree, or for change of place or manner of use as it may deem necessary.

(Amended Rules at 1 (#1029).) Under the Amended Rules, the Board may participate as a party and is allowed to appear at a proceeding. The Court finds that the Amended Rules allow the Board to participate in the hearing and take all positions it deems appropriate.

The Tribe cites the Court's previous Order, entered on February 13, 1990, in support of its opposition to the Board's request to participate as a party in the hearing. In the February 13, 1990 Order, the Court ordered that the same attorney may not represent both the Walker River Irrigation District and the Board of Water Commissioners. The Court found that a conflict of interest existed because the attorney, as attorney for the Board, had a duty to ensure that the Board administer and distribute the waters of the Walker River to the various and potentially adverse holders of those water rights in an impartial manner, and simultaneously representing the Walker River Irrigation District, one of the largest owners of water rights under the Decree, would create an appearance of favoritism. The February 13, 1990 Order does not preclude the Board from representing its own position in an administrative hearing.

///
///
///

3

1  IT IS ORDERED that the United States Board of Water Examiners may participate in
2  the administrative hearing as a full party to the proceedings, taking any and all positions that
3  it deems appropriate.

4  DATED: This 14th day of September, 2012.

_____
United States District Judge