# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> WALKER RIVER IRRIGATION DISTRICT, *et al.*, <br><br> Defendants. | IN EQUITY NO.C-125 <br><br> CASE NO.: 3-73-CV-00125-MMD-WGC <br><br> **ORDER MODIFYING WALKER RIVER DECREE TO CONFORM WITH STATE ENGINEER RULING NO. 6271 RE INSTREAM FLOW WATER RIGHTS PERMIT NO. 80700** |

Pursuant to the Order on Mandate (ECF #1516) and the Order of July 20, 2018 (ECF #1517), the Walker River Decree is hereby amended in Accordance with Nevada State Engineer Ruling No. 6271.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that, as set forth in Nevada State Engineer Ruling No. 6271, and as upheld and affirmed by the United States Court of Appeals for the Ninth Circuit in *United States, et al. v. United States Board of Water Commissioners, et al.*, 890 F.3d 1134 (9th Cir. 2018), *modified by* 893 F.3d 578 (9th Cir. 2018), the following water rights, or portions thereof, under the Walker River Decree, entered herein on April 15, 1936, as modified April 24, 1940, are hereby amended to reflect changes in the manner of use and place of use from irrigation use to instream flow for wildlife purposes in the Walker River and Walker Lake. This modification does not make any changes to the listed owner of the water rights claims, or any portions thereof, as set forth in the Walker River Decree, even though the ownership of the water rights claims has changed since the entry of this Decree. Additionally, the portions of the claims that were not modified by Ruling No. 6271, and which therefore retain their purpose of use as irrigation as set forth in Paragraph II of the Walker River Decree, entered herein on April 15, 1936, as modified April 24, 1940, are listed in this Order only to reflect the remaining number of acres irrigated, the remaining amount of water to be administered by priority, and the description of the remaining place of use as of the date of entry of the Decree.

Claim 23, Conway, Estate of P. J., (Rallen Ranch), portion changed to instream flows for wildlife purposes,

As set forth in Nevada State Engineer Ruling No. 6271 (March 20, 2014), and as upheld and affirmed by the United States Court of Appeals for the Ninth Circuit in *United States, et al. v. United States Board of Water Commissioners, et al.*, 890 F.3d 1134 (9th Cir. 2018), *modified by* 893 F.3d 578 (9th Cir. 2018), the portion of water right Claim 23 in the first table below shall be administered by the Water Master at the point of non-diversion as set forth in Ruling No. 6271 when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the point of non-diversion the consumptive use portion, being 3.10 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision and the terms of Permit No. 80700. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion and to mitigate hydrologic system losses, from the point of non-diversion to the point or points where the non-consumptive use portion historically returned to the Walker River upstream of the Wabuska Gage.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1887 | 0.39 | 0.207 | 32.5 | Walker River from the Point of Non-Diversion, through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |
|  | 1894 | 0.09 | 0.048 | 7.5 |  |
|  | 1900 | 0.12 | 0.064 | 10 |  |
|  | 1906 | 0.12 | 0.064 | 10 |  |

Claim 23, Conway, Estate of P. J., (Rallen Ranch), portion remaining in irrigation,

| Stream | Year of Relative Priority | Amount at Point of Diversion (in c.f.s.) | No. of Acres Irrigated | Description of Place of Use |
|---|---|---|---|---|
| Walker River | 1887 | 0.39 | 32.5 | Frac. of SW1/4 Section 10; E1/2 of E1/2 Section 16, T. 14 N., R. 25 E. |
|  | 1894 | 0.09 | 7.5 |  |
|  | 1900 | 0.12 | 10.0 |  |
|  | 1906 | 0.12 | 10.0 |  |

/ / /

/ / /

/ / /

/ / /

Claim 23A, Conway, Estate of P. J., (Warren Ranch). portion changed to instream flows for wildlife purposes,

As set forth in Nevada State Engineer Ruling No. 6271 (March 20, 2014), and as upheld and affirmed by the United States Court of Appeals for the Ninth Circuit in *United States, et al. v. United States Board of Water Commissioners, et al.*, 890 F.3d 1134 (9th Cir. 2018), *modified by* 893 F.3d 578 (9th Cir. 2018), the portion of water right Claim 23A in the first table below shall be administered by the Water Master at the point of non-diversion as set forth in Ruling No. 6271 when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the point of non-diversion the consumptive use portion, being 3.10 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision and the terms of Permit No. 80700. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion and to mitigate hydrologic system losses, from the point of non-diversion to the point or points where the non-consumptive use portion historically returned to the Walker River upstream of the Wabuska Gage.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1880 1888 1900 | 1.035 0.96 1.38 | 0.550 0.510 0.734 | 86.28 80 115.04 | Walker River from the Point of Non-Diversion through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

Claim 23A, Conway, Estate of P. J., (Warren Ranch), portion remaining in irrigation,

| Stream | Year of Relative Priority | Amount at Point of Diversion (in c.f.s.) | No. of Acres Irrigated | Description of Place of Use |
|---|---|---|---|---|
| Walker River | 1880 1888 1900 | 0.045 0.0 0.06 | 3.72 0.0 4.96 | Frac. of E1/2 of NW1/4 and Frac. of NE1/4 of NE1/4, all within Section 9, T. 14 N. 1 R. 25 E. |

/ / /

/ / /

/ / /

/ / /

/ / /

Claim 35, Dickson, John, Successor to Mary E. Young, portion changed to instream flow for wildlife purposes,

As set forth in Nevada State Engineer Ruling No. 6271 (March 20, 2014), and as upheld and affirmed by the United States Court of Appeals for the Ninth Circuit in *United States, et al. v. United States Board of Water Commissioners, et al.*, 890 F.3d 1134 (9th Cir. 2018), *modified by* 893 F.3d 578 (9th Cir. 2018), the portion of water right Claim 35 in the first table below shall be administered by the Water Master at the point of non-diversion as set forth in Ruling No. 6271 when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the point of non-diversion the consumptive use portion, being 3.10 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision and the terms of Permit No. 80700. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion and to mitigate hydrologic system losses, from the point of non-diversion to the point or points where the non-consumptive use portion historically returned to the Walker River upstream of the Wabuska Gage.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1881 | 0.24 | 0.128 | 20 | Walker River from the Point of Non-Diversion through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

Claim 35, Dickson, John, Successor to Mary E. Young, portion remaining in irrigation,

| Stream | Year of Relative Priority | Amount at Point of Diversion (in c.f.s.) | No. of Acres Irrigated | Description of Place of Use |
|---|---|---|---|---|
| Walker River | 1881 | 0.24 | 20 | W1/2 of SW1/4 of Section 2, Frac. of E1/2 of SE1/4 of Section 3, T. 14 N., R. 25 E. |

/ / /

/ / /

/ / /

/ / /

/ / /

Claim 44, Farrell, Mary Parker, Successor to John B. Gallagher, (per J.O. Parker), entire claim changed to instream flow for wildlife purposes,

As set forth in Nevada State Engineer Ruling No. 6271 (March 20, 2014), and as upheld and affirmed by the United States Court of Appeals for the Ninth Circuit in *United States, et al. v. United States Board of Water Commissioners, et al.*, 890 F.3d 1134 (9th Cir. 2018), *modified by* 893 F.3d 578 (9th Cir. 2018), water right Claim 44 shall be administered by the Water Master at the point of non-diversion as set forth in Ruling No. 6271 when in priority, as shown in the second column (year of prioirty) and third column (amount at point of non-diversion) of the table. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the point of non-diversion the consumptive use portion, being 3.10 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision and the terms of Permit No. 80700. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion and to mitigate hydrologic system losses, from the point of non-diversion to the point or points where the non-consumptive use portion historically returned to the Walker River upstream of the Wabuska Gage.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1880 1901 | 0.60 0.18 | 0.319 0.096 | 50 15 | Walker River from the Point of Non-Diversion through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

Claim 67, Guild, Penrose and West, Successors to John B. Gallagher (per Lena Roy), entire claim changed to instream flow for wildlife purposes,

As set forth in Nevada State Engineer Ruling No. 6271 (March 20, 2014), and as upheld and affirmed by the United States Court of Appeals for the Ninth Circuit in *United States, et al. v. United States Board of Water Commissioners, et al.*, 890 F.3d 1134 (9th Cir. 2018), *modified by* 893 F.3d 578 (9th Cir. 2018), water right Claim 67 shall be administered by the Water Master at the point of non-diversion as set forth in Ruling No. 6271 when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the point of non-diversion the consumptive use portion, being 3.10 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision and the terms of Permit No. 80700. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion and to mitigate hydrologic system losses, from the point of non-diversion to the point or points where the non-consumptive use portion historically returned to the Walker River upstream of the Wabuska Gage.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1877<br>1896<br>1904 | 0.86<br>1.10<br>0.05 | 0.459<br>0.583<br>0.029 | 72<br>91.43<br>4.57[1] | Walker River from the Point of Non-Diversion through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

/ / /

/ / /

/ / /

/ / /

---

[1] Claim 67 of the Walker River Decree established the 1896 rights at a rate of 1.01 cfs for the purpose of irrigating 92 acres of land, and the 1904 rights at a rate of 0.05 cfs for the purpose of irrigating 4 acres of land. The *Conditional Stipulation to Resolve Certain Protest Issues Regarding Application 80700* dated June 28, 2013, between the National Fish & Wildlife Foundation and the Walker River Irrigation District, which was accepted and incorporated into Nevada State Engineer Ruling No. 6271 as Attachment 1, reduced the irrigated acres of the 1896 claim by 0.57 acres and increased the irrigated acres of the 1904 claim by 0.57 acres. This change does not result in any difference to the rates of diversion or duty of water granted under Ruling No. 6271; the primary change is to the benefit of junior water users by moving 0.57 acres of Program Water rights from a senior priority year of 1896 to a more junior priority year of 1904.

Claim 89, Lyon County Bank (N.P. Neilson) Successor to Sarah Jane Rallens, et al., portion changed to instream flow for wildlife purposes,

As set forth in Nevada State Engineer Ruling No. 6271 (March 20, 2014), and as upheld and affirmed by the United States Court of Appeals for the Ninth Circuit in *United States, et al. v. United States Board of Water Commissioners, et al.*, 890 F.3d 1134 (9th Cir. 2018), *modified by* 893 F.3d 578 (9th Cir. 2018), the portion of water right Claim 89 in the first table below shall be administered by the Water Master at the point of non-diversion as set forth in Ruling No. 6271 when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the point of non-diversion the consumptive use portion, being 3.10 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision and the terms of Permit No. 80700. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion and to mitigate hydrologic system losses, from the point of non-diversion to the point or points where the non-consumptive use portion historically returned to the Walker River upstream of the Wabuska Gage.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1874<br>1880<br>1891 | 0.40<br>0.11<br>0.11 | 0.213<br>0.061<br>0.057 | 33.36<br>9.55<br>8.93 | Walker River from the Point of Non-Diversion through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

Claim 89, Lyon County Bank (N.P. Neilson) Successor to Sarah Jane Rallens, et al., portion remaining in irrigation,

| Stream | Year of Relative Priority | Amount at Point of Diversion (in c.f.s.) | No. of Acres Irrigated | Description of Place of Use |
|---|---|---|---|---|
| Walker River | 1874<br>1880<br>1891 | 2.29<br>0.66<br>0.61 | 190.64<br>54.45<br>51.07 | Frac. of E1/2 of NW1/4 of Section 3; NE1/4 of Section 3; NE1/4 of NW1/4 of Section 11; NW1/4 of NE1/4 of Section 11; W1/2 of NE1/4 of NE1/4 of Section 11; all within T. 14 N., R. 25 E.; and SE1/4 of SE1/4 of Section 34; T. 15 N., R. 25 E. |

**IT IS SO ORDERED.**

Dated: April 15, 2019

_____
District Court Judge