**KEMP JONES, LLP**
Don Springmeyer, Esq. (Nev. Bar #1021)
Christopher W. Mixson, Esq. (Nev. Bar #10685)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
d.springmeyer@kempjones.com
c.mixson@kempjones.com

*Attorneys for Walker Basin Conservancy*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>WALKER RIVER IRRIGATION DISTRICT, *et al.*,<br><br>    Defendants. | IN EQUITY NO. C-125<br><br>CASE NO.: 3:73-CV-00125-MMD-WGC<br><br>**STIPULATION AND PROPOSED ORDER FOR WITHDRAWAL OF MOTION FOR ORDER OF THE COURT DIRECTING CHIEF DEPUTY WATER COMMISSIONER TO FULLY ADMINISTER APPROVED INSTREAM FLOW PERMITS** |

The Walker Basin Conservancy ("Conservancy"), United States Board of Water Commissioners/Federal Water Master ("Water Master"), and Walker River Irrigation District ("WRID"), by and through their respective undersigned attorneys, have reached an agreement for withdrawal of the pending Motion of the Walker Basin Conservancy for an Order of the Court Directing the Chief Deputy Water Commissioner to Fully Administer Approved Instream Flows (ECF No. 1734) (the "Motion").

The United States and Walker River Paiute Tribe, who jointly filed a response in support of the Motion (ECF No. 1738), were notified and consulted in advance of the filing of this Stipulation.

**RECITALS**

1. On July 1, 2019, the Court entered an Order on a stipulation between the Water Master and the Conservancy (ECF No. 1594) to resolve a Petition for Writ of Mandamus filed by the National Fish and Wildlife Foundation and Conservancy (ECF No. 1560) (the "Mandamus Order").

2. Pursuant to the Mandamus Order, the Miller Lane near Yerington Gage (the "Miller Lane Gage"), was reactivated and those parties agreed to a plan to fund that Gage.

3. That Mandamus Order also provided that at the conclusion of a three irrigation season trial period, the Water Master and the Conservancy would convene a technical analysis to review and analyze the stream flow data generated by the Yerington Weir Gage and the Miller Lane Gage to discuss the hydrologic benefit, necessity, and/or effectiveness of the Yerington Weir Gage and/or Miller Lane Gage, including for administration of the instream flows under the Walker River Decree in the future.

4. During that technical review, the Water Master and the Conservancy would also discuss the Water Master's requirement in her November 1, 2018, letter for additional gages between the Yerington Weir and the Wabuska Gage and the continued use of the existing Yerington Weir Gage.

5. During the 2022 irrigation season, a dispute arose concerning the Conservancy's previously-approved instream flow water rights with points of non-diversion at the Yerington Weir related to the consumptive use portion of those water rights that the Conservancy expected to be measured at the Wabuska Gage. After attempting to resolve the matter informally with the Water Master, the Conservancy filed the Motion, which seeks, among other things, that the Water Master be ordered to administer sufficient water at the Yerington Weir to satisfy both the senior downstream water right of the Walker River Paiute Tribe and the instream flow water rights of the Conservancy, when in priority. After filing the Motion, the Conservancy, the Water Master, and WRID entered into settlement discussions to attempt to resolve the matters raised in the Motion.

6. In effect, settlement discussions related to the Motion have preempted some of the technical analysis of the Miller Lane Gage and Yerington Weir Gage as was contemplated by the Mandamus Order.

7. With respect to continued use of the existing Yerington Weir Gage, until such time as there is a gage which measures water directly as it flows through the Yerington Weir, or which measures flows at a more suitable location, the current "Yerington Weir Gage," located approximately 361 feet downstream of the Yerington Weir, will be used for measurement of the Conservancy's changed water rights with a point of non-diversion at the Yerington Weir.

8. Discussions related to the Motion have also included challenges with the Miller Lane Gage with respect to administration of instream flows because of its proximity to the Yerington Weir Gage and

its long distance from the Wabuska Gage and the drains (East and Wabuska) which enter the River just upstream of the Wabuska gage.

9. Discussions related to the Motion have also included the potential benefit of a gage further downstream than the Miller Lane Gage, at the Railroad Crossing Bridge (the "Railroad Bridge Gage"), as an alternative location from the Miller Lane Gage's current location.

10. The Railroad Bridge Gage will be 11.71 river miles downstream of the Yerington Weir Gage and approximately 1.93 river miles upstream of where the East Drain discharges to the Walker River.

11. The Railroad Bridge Gage is expected to provide better information with respect to accretion/depletion in the River between the Yerington Weir Gage and the Railroad Bridge Gage and will also provide better information concerning flows to the Walker River from both the East Drain and the Wabuska Drain.

12. For WRID's Stored Water Leasing Program, WRID developed accounting procedures identified as the Walker River Accounting Tool.

13. Instream flow accounting procedures have been developed for the reach of Walker River from the Yerington Weir Gage to the Wabuska Gage, which procedures have been incorporated into the existing Walker River Accounting Tool ("Weir to Wabuska Accounting Procedures").

14. The Weir to Wabuska Accounting Procedures, with information from the new Railroad Bridge Gage, will assist the Water Master in estimating the flow of the Walker River upstream of the East Drain and in estimating the combined flow entering the Walker River from the East Drain and the Wabuska Drain.

15. The Weir to Wabuska Accounting Procedures will also provide information as to flows needed at and downstream of the Yerington Weir as measured at the Yerington Weir Gage.

16. The Conservancy, the Water Master and WRID have agreed to the addition of the Weir to Wabuska Accounting Procedures to the Walker River Accounting Tool and to the operational principles associated with them, which will become effective beginning on either March 1, 2023 or on the date that the new Railroad Bridge Gage is operational, whichever is later.

17. The parties will have further discussions with regard to requests to the Water Master for information about her daily determination of the priority date for Decreed water rights able to be served during the irrigation season.

## STIPULATION

NOW THEREFORE, based upon the foregoing, the parties hereto stipulate and agree as follows:

1. The information provided by the Weir to Wabuska Accounting Procedures will be used as set forth above for a period of not less than three full irrigation seasons during which the parties to this Stipulation (and in consultation with other interested parties as needed) will evaluate the use of the Weir to Wabuska Accounting Procedures on an ongoing basis.

2. The Yerington Weir Gage and the Railroad Bridge Gage will be paid for by the parties in the same manner as the Miller Lane Gage has been paid for since 2019, and the Miller Lane Gage will no longer be subject to the payment arrangement set forth in the 2019 Mandamus Order, after the Railroad Bridge Gage is operational. If the source of funding does not continue for three full irrigation seasons, the Conservancy will pay for the Railroad Bridge Gage and will also reimburse WRID for expenses it incurs with respect to the use of the Walker River Accounting Tool.

3. The Conservancy hereby withdraws the Motion.

4. In entering this Stipulation, the parties do not waive any rights or legal positions set forth in their papers filed with this Court related to the Motion and reserve the right to seek further guidance and rulings from the Court with respect to any matter set forth in the Motion, and subsequent filed papers, including during the three-season trial period set forth herein.

5. At the conclusion of the three-season trial period, the Water Master, the Conservancy and WRID will convene a technical analysis, at which they are entitled to include any and all representatives of their choosing to review and analyze the effectiveness of the Yerington Weir Gage, the Railroad Bridge Gage and the use of the Weir to Wabuska Accounting Procedures and their continued use in the future.

6. Nothing in the Weir to Wabuska Accounting Procedures to the Walker River Accounting Tool or this Stipulation affects the authority of the Chief Deputy Water Master or the U.S. Board of Water Commissioners to administer water rights under the Walker River Decree and to apportion and distribute

the waters of the Walker River pursuant to the Walker River Decree and the 1953 Rules and Regulations.

7. Based upon this Stipulation, the Conservancy, Water Master and WRID request the Court to vacate the hearing set for February 16, 2023, in the Court's December 27, 2022 Minute Order (ECF No. 1756).

DATED: February 13, 2023.             **KEMP JONES, LLP**

                                      By: /s/   Chris Mixson
                                      Don Springmeyer, Esq. (Nev. Bar #1021)
                                      Christopher W. Mixson, Esq. (Nev. Bar #10685)
                                      3800 Howard Hughes Parkway, 17th Floor
                                      Las Vegas, NV  89169

                                      Attorneys for WALKER BASIN CONSERVANCY

DATED: February 13, 2023.             **ALLISON MacKENZIE, LTD.**

                                      By: /s/   Karen Peterson
                                      Karen A. Peterson, Esq. (NSB 366)
                                      402 North Division Street
                                      Carson City, NV  89703

                                      Attorneys for UNITED STATES BOARD OF WATER COMMISSIONERS and CHIEF DEPUTY WATER COMMISSIONER

DATED: February 13, 2023.             **WOODBURN AND WEDGE**

                                      By: /s/   Gordon DePaoli
                                      Gordon H. DePaoli (NSB 195)
                                      Dale E. Ferguson (NSB 4986)
                                      6100 Neil Road, Suite 500
                                      Reno, NV  89511

                                      Attorneys for WALKER RIVER IRRIGATION DISTRICT

## ORDER

THE STIPULATION IS APPROVED AND IT IS SO ORDERED.

DATED:  February 14, 2023

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, a true and correct copy of the foregoing **STIPULATION AND PROPOSED ORDER FOR WITHDRAWAL OF MOTION FOR ORDER OF THE COURT DIRECTING CHIEF DEPUTY WATER COMMISSIONER TO FULLY ADMINISTER APPROVED INSTREAM FLOW PERMITS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By  */s/ Chris Mixson*
An Employee of KEMP JONES, LLP