**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br>Plaintiffs,<br>vs.<br>WALKER RIVER IRRIGATION DISTRICT, *et al.*,<br>Defendants. | IN EQUITY NO.C-125<br>CASE NO.: 3-73-cv-00125-MMD-WGC<br>**ORDER MODIFYING WALKER RIVER DECREE TO CONFORM WITH NEVADA STATE ENGINEER INSTREAM FLOW WATER RIGHTS PERMIT NOS. 92893–92899** |

The Walker River Decree is hereby amended in Accordance with Nevada State Engineer instream flow water rights Permit Nos. 92893–92899.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the following water rights under the Walker River Decree, entered herein on April 15, 1936, as modified April 24, 1940, are hereby amended to reflect changes in the manner of use, in the place of use, and in the point(s) of diversion from irrigation use to instream flow for wildlife purposes in the Walker River and Walker Lake. Notwithstanding any term in the Permits to the contrary, the points of non-diversion for the changed water rights is the Ivy Ranch Bridge Gage. This modification does not make any changes to the listed owner of the water rights claims, or any portions thereof, as set forth in the Walker River Decree, even though the ownership of the water rights claims has changed since the entry of this Decree.

/ / /

/ / /

/ / /

/ / /

Claim 42, Fallon, Ira, changed to instream flows for wildlife purposes,

The entirety of water right Claim 42 shall be administered by the Water Master at the point of non-diversion at the Ivy Ranch Bridge Gage, when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table below. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the Ivy Ranch Bridge Gage only the consumptive use portion, being 3.50 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). From the Ivy Ranch Bridge Gage to the Strosnider Gage, proportionate hydrologic losses (pursuant to the methodology set forth below) attributable to the full decreed flow rate will first be deducted from the non-consumptive use portion, unless such hydrologic losses exceed the amount of the non-consumptive use portion, at which time the remaining hydrologic losses that exceed the non-consumptive use portion will be deducted from the consumptive use portion. From the Strosnider Gage downstream to the Wabuska Gage, the consumptive use portion of the water right shall be subject to a reduction according to a proportionate share of hydrologic losses in the East and Main Walker Rivers according to the methodology set forth in the Permit and incorporated into the Walker River Accounting Tool (WRAT). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision, and the terms of Permit No. 92893. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1862<br>1877<br>1881<br>1887<br>1893<br>1900<br>1906 | 1.600<br>1.760<br>1.600<br>1.200<br>0.640<br>0.640<br>0.720 | 0.720<br>0.790<br>0.720<br>0.540<br>0.290<br>0.290<br>0.320 | 100<br>110<br>100<br>75<br>40<br>40<br>45 | Walker River from the Point of Non-Diversion, through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

/ / /

/ / /

/ / /

/ / /

Claim 103, Morgan, H.S., changed to instream flows for wildlife purposes,

The entirety of water right Claim 103 shall be administered by the Water Master at the point of non-diversion at the Ivy Ranch Bridge Gage, when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table below. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the Ivy Ranch Bridge Gage only the consumptive use portion, being 3.50 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). From the Ivy Ranch Bridge Gage to the Strosnider Gage, proportionate hydrologic losses (pursuant to the methodology set forth below) attributable to the full decreed flow rate will first be deducted from the non-consumptive use portion, unless such hydrologic losses exceed the amount of the non-consumptive use portion, at which time the remaining hydrologic losses that exceed the non-consumptive use portion will be deducted from the consumptive use portion. From the Strosnider Gage downstream to the Wabuska Gage, the consumptive use portion of the water right shall be subject to a reduction according to a proportionate share of hydrologic losses in the East and Main Walker Rivers according to the methodology set forth in the Permit and incorporated into the Walker River Accounting Tool (WRAT). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision, and the terms of Permit No. 92894. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1879<br>1889<br>1894 | 0.930<br>0.160<br>1.460 | 0.420<br>0.070<br>0.660 | 58<br>10<br>92 | Walker River from the Point of Non-Diversion, through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

/ / /

/ / /

/ / /

/ / /

/ / /

Claim 133, Rosachi, Ambro, changed to instream flows for wildlife purposes,

A portion of water right Claim 133 shall be administered by the Water Master at the point of non-diversion at the Ivy Ranch Bridge Gage, when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table below. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the Ivy Ranch Bridge Gage only the consumptive use portion, being 3.50 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). From the Ivy Ranch Bridge Gage to the Strosnider Gage, proportionate hydrologic losses (pursuant to the methodology set forth below) attributable to the full decreed flow rate will first be deducted from the non-consumptive use portion, unless such hydrologic losses exceed the amount of the non-consumptive use portion, at which time the remaining hydrologic losses that exceed the non-consumptive use portion will be deducted from the consumptive use portion. From the Strosnider Gage downstream to the Wabuska Gage, the consumptive use portion of the water right shall be subject to a reduction according to a proportionate share of hydrologic losses in the East and Main Walker Rivers according to the methodology set forth in the Permit and incorporated into the Walker River Accounting Tool (WRAT). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision, and the terms of Permit No. 92895. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1862<br>1865<br>1890 | 1.192<br>0.4768<br>0.7152 | 0.5364<br>0.2146<br>0.3218 | 74.5<br>29.8<br>44.7 | Walker River from the Point of Non-Diversion, through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

/ / /

/ / /

/ / /

/ / /

/ / /

Claim 136, Salles, Bertrand, changed to instream flows for wildlife purposes,

The entirety of water right Claim 136 shall be administered by the Water Master at the point of non-diversion at the Ivy Ranch Bridge Gage, when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table below. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the Ivy Ranch Bridge Gage only the consumptive use portion, being 3.50 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). From the Ivy Ranch Bridge Gage to the Strosnider Gage, proportionate hydrologic losses (pursuant to the methodology set forth below) attributable to the full decreed flow rate will first be deducted from the non-consumptive use portion, unless such hydrologic losses exceed the amount of the non-consumptive use portion, at which time the remaining hydrologic losses that exceed the non-consumptive use portion will be deducted from the consumptive use portion. From the Strosnider Gage downstream to the Wabuska Gage, the consumptive use portion of the water right shall be subject to a reduction according to a proportionate share of hydrologic losses in the East and Main Walker Rivers according to the methodology set forth in the Permit and incorporated into the Walker River Accounting Tool (WRAT). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision, and the terms of Permit No. 92896. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1865<br>1874<br>1875<br>1880 | 2.090<br>3.760<br>1.360<br>2.380 | 0.940<br>1.690<br>0.610<br>1.070 | 131<br>235<br>85<br>149 | Walker River from the Point of Non-Diversion, through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

/ / /

/ / /

/ / /

/ / /

/ / /

Claim 165, Wichman Bros., changed to instream flows for wildlife purposes,

The entirety of water right Claim 165 shall be administered by the Water Master at the point of non-diversion at the Ivy Ranch Bridge Gage, when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table below. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the Ivy Ranch Bridge Gage only the consumptive use portion, being 3.50 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). From the Ivy Ranch Bridge Gage to the Strosnider Gage, proportionate hydrologic losses (pursuant to the methodology set forth below) attributable to the full decreed flow rate will first be deducted from the non-consumptive use portion, unless such hydrologic losses exceed the amount of the non-consumptive use portion, at which time the remaining hydrologic losses that exceed the non-consumptive use portion will be deducted from the consumptive use portion. From the Strosnider Gage downstream to the Wabuska Gage, the consumptive use portion of the water right shall be subject to a reduction according to a proportionate share of hydrologic losses in the East and Main Walker Rivers according to the methodology set forth in the Permit and incorporated into the Walker River Accounting Tool (WRAT). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision, and the terms of Permit No. 92897. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1861<br>1880<br>1895 | 0.130<br>0.260<br>0.100 | 0.060<br>0.120<br>0.040 | 8<br>16<br>6 | Walker River from the Point of Non-Diversion, through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

/ / /

/ / /

/ / /

/ / /

/ / /

Claim 253, Wichman, John H. and James H., portion changed to instream flows for wildlife purposes,

The entirety of water right Claim 253 shall be administered by the Water Master at the point of non-diversion at the Ivy Ranch Bridge Gage when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table below. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the Ivy Ranch Bridge Gage only the consumptive use portion, being 3.50 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). From the Ivy Ranch Bridge Gage to the Strosnider Gage, proportionate hydrologic losses (pursuant to the methodology set forth below) attributable to the full decreed flow rate will first be deducted from the non-consumptive use portion, unless such hydrologic losses exceed the amount of the non-consumptive use portion, at which time the remaining hydrologic losses that exceed the non-consumptive use portion will be deducted from the consumptive use portion. From the Strosnider Gage downstream to the Wabuska Gage, the consumptive use portion of the water right shall be subject to a reduction according to a proportionate share of hydrologic losses in the East and Main Walker Rivers according to the methodology set forth in the Permit and incorporated into the Walker River Accounting Tool (WRAT). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision, and the terms of Permit No. 92898. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1916 | 0.4768 | 0.3433 | 47.68 | Walker River from the Point of Non-Diversion, through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

/ / /

/ / /

/ / /

/ / /

Claim 83 (Certificate No. 12888), Lewis, Anetta D., changed to instream flows for wildlife purposes,

A portion of water right Claim 83 (Certificate No. 12888) shall be administered by the Water Master at the point of non-diversion at the Ivy Ranch Bridge Gage when in priority, as shown in the second column (year of priority) and third column (amount at point of non-diversion) of the table below. Thereafter, the Water Master shall administer and protect from diversion by others at and downstream of the Ivy Ranch Bridge Gage only the consumptive use portion, being 3.50 acre-feet per acre, which has been converted to flow measured in cubic feet per second as shown in the fourth column (amount of consumptive use). From the Ivy Ranch Bridge Gage to the Strosnider Gage, proportionate hydrologic losses (pursuant to the methodology set forth below) attributable to the full decreed flow rate will first be deducted from the non-consumptive use portion, unless such hydrologic losses exceed the amount of the non-consumptive use portion, at which time the remaining hydrologic losses that exceed the non-consumptive use portion will be deducted from the consumptive use portion. From the Strosnider Gage downstream to the Wabuska Gage, the consumptive use portion of the water right shall be subject to a reduction according to a proportionate share of hydrologic losses in the East and Main Walker Rivers according to the methodology set forth in the Permit and incorporated into the Walker River Accounting Tool (WRAT). At the Wabuska Gage, said changed water right shall be administered in the Walker River and Weber Reservoir through the Walker River Paiute Tribe reservation pursuant to the Lower Walker River Conveyance Protocols, all as more fully set forth in Nevada State Engineer Ruling No. 6271, the 2018 Ninth Circuit Decision, and the terms of Permit No. 92899. The non-consumptive use portion of the water rights shall be administered by the Water Master in her or his discretion pursuant to the Walker River Decree and the 1953 Rules and Regulations for the Distribution of Water on the Walker River Stream System, including to avoid conflict with and injury to existing water rights at and downstream of the point of non-diversion.

| Stream | Year of Relative Priority | Amount at Point of Non-Diversion (in c.f.s.) | Amount of Consumptive Use (in c.f.s.) | No. of Acres Formerly Irrigated | Description of Place of Use |
|---|---|---|---|---|---|
| Walker River | 1895 | 0.6981 | 0.3142 | 43.63 | Walker River from the Point of Non-Diversion, through USGS Wabuska Gage, then through Weber Reservoir into and including Walker Lake. |

**IT IS SO ORDERED.**

Dated: July 30, 2026

District Court Judge